### ERROR IN CHARGE CURED BY ANSWERS TO INTERROGATORIES.

Circuit Court of Cuyahoga County.

THE NORTHERN OHIO TRACTION & LIGHT COMPANY v. RALPH CARR, A MINOR, BY GEORGE W. CARR, HIS NEXT FRIEND.*

Decided, May 9, 1910.

*Requests to Charge Refused—Error Cured by Special Findings of Jury.*

Though proper requests to charge are refused, the error in refusing them is not prejudicial if the answers of the jury to special interrogatories submitted to it render the requests irrelevant.

*Ford, Snyder & Tilden,* for plaintiff in error.
*A. W. Lamson* and *W. B. Beebe,* contra.

HENRY, J.; WINCH, J., concurs.

The defendant in error was plaintiff below, where he recovered a verdict and judgment in an action for damages for personal injuries sustained by him while a passenger upon one of plaintiff in error's interurban cars, by being thrown from the rear platform of said car through the motorman's negligence in rounding a sharp curve too rapidly.

Among the errors assigned here, the exclusion of certain evidence is cured by the subsequent admission of the same evidence in the later testimony of the witness who was then being ex-

---

*Affirmed without opinion, *Northern Ohio Traction Co. v. Carr,* 84 Ohio State, 458.

amined.  So also the refusal of certain requests to charge presented by the defendant below, is cured by the special findings of fact, made by the jury in answer to interrogatories submitted to them, thus rendering the requests irrelevant.  *The Toledo, St. L. & W. R. R. Co.* v. *Burr & Jeakle and the Ohio German Fire Insurance Co.,* 82 Ohio St., 129.

The sole remaining assignment of error relates to the following paragraph in the court's charge, which was otherwise both comprehensive and accurate:

"Where a passenger has received injuries upon the cars of a common carrier of passengers, a presumption of negligence may arise against the carrier by reason of the facts and circumstances under which the injuries are received.  If you find that the facts and circumstances of this case raise such inference against the defendant, then the defendant will be required to introduce sufficient evidence to counterbalance any such inference; otherwise you will be warranted in finding the defendant negligent."

It is urged that this was misleading, because, if there were any evidence tending to prove such facts and circumstances as would raise a presumption of negligence on the part of the defendant below, the jury should have been told what they were, instead of being allowed to speculate about them; for "a presumption is a deduction which the law expressly directs to be made from particular facts," irrespective of any process of reasoning therefrom by the jury.  Not having been thus advised, the jury should not, it is urged, have been told to take the inference, if any, of negligence which they might deem to be annexed by law to the facts and circumstances, as ascertained by them from the evidence, and to weigh against such inference the evidence, if any, introduced by the defendant to counter-balance it.

The language of the court is indeed open to this criticism; but we think it does not amount in this case to reversible error. While the trial judge doubtless had in mind the *res ipsa loquitur* doctrine, without, however, adequately applying it to the case in hand, the jury could hardly have understood, from this language of his, anything else than what is elsewhere in the charge fully

and correctly stated, to-wit, that they were required to find by a preponderance of all the evidence whether or not the defendant was chargeable with negligence as alleged in the petition and as defined by the court.

The first sentence, in the paragraph complained of, really means nothing else than that negligence may be proved by circumstantial evidence; which is, of course, true. The second sentence, considered apart from the clause about the defendant's being required to introduce evidence, is pure tautology, an identical proposition, axiomatic and harmless.

"If you find that the facts and circumstances of this case raise such inference against the defendant, then you will be warranted in finding the defendant negligent."

This language is surely rendered no worse for the defendant below by including the omitted clause, which affords it some opportunity at least, of escape from the prescribed conclusion. No new burden of any kind is imposed upon the defendant. While this part of the charge could hardly have aided the jury, we fail to see how it could have prejudiced the defendant. The judgment is affirmed.

---

## LIEN UNDER EXECUTION UPON DORMANT JUDGMENT HOW RELEASED.